UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARTIZE KIRKLAND, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-599-TLS-JEM |
| CHARLENE BURKETT, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Martize Kirkland, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Upon review, he used the Court's approved prisoner complaint form, but interspersed within it are various handwritten pages that make the filing confusing. He includes different fact sections and states that he is suing nine defendants, but lists seven individuals in the caption. *Id*. at 7. In a separate handwritten section labeled "Introduction," he references more than nine individuals and entities, including unnamed "prison staff" and "agents" of Centurion Health, LLC. *Id*. at 2. It is thus not entirely clear who he is suing.

Kirkland also appears to assert claims about discrete issues, including that a nurse sexually harassed him, medical staff failed to adequately treat injuries he suffered when he fell out of his wheelchair, and Indiana Department of Correction ("IDOC") central office staff mishandled his complaint under the Prison Rape Elimination Act. The fact that all these events occurred while he was incarcerated at an IDOC facility does not mean claims related to them can be grouped together in one lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). *Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) ("And in closing we once more warn Owens that he cannot use a

single complaint to bring unrelated claims against different defendants."). The Seventh Circuit has directed district courts to "be alert" to this issue to ensure that prisoners do not combine unrelated claims together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act, including the filing fee and three-strikes provisions. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

Additionally, some of Kirkland's allegations appear to duplicate claims he asserted in two other cases he filed related to an incident in which a guard allegedly pulled him out of his wheelchair. *See Kirkland v. McCray, et al.*, No. 3:24-CV-205-HAB-SLC (N.D. Ind. filed Mar. 6, 2024); *Kirkland v. McCray, et al.*, 3:23-CV-1033-DRL-MGG (N.D. Ind. filed Dec. 1, 2023). And, he is currently proceeding on a claim against the guard and another prison employee related to this incident. *See Kirkland*, 3:23-CV-1033-DRL-MGG. It is not permissible for him to use the in forma pauperis statute to file multiple lawsuits containing the same claims. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Kirkland may have included the information about the incident with the guard merely as background, but it is not entirely clear what he intended given the way the pleading is drafted.

Therefore, his complaint will be stricken. Kirkland will be afforded an opportunity to file an amended complaint that addresses these deficiencies. In preparing his amended complaint, he should obtain a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form from his prison's law library and put this case number on it.[1] He should include only related claims against related defendants, and should avoid including claims he is already proceeding on in another case. He should complete each section of the form to the best of his ability, clearly identify each defendant he is suing, and provide a brief factual basis for his claim against each defendant. He

---

[1] If he is unable to obtain the form at his prison, he may request one by writing a letter to the Clerk of Court.

does not need to supplement the form with additional sections, and instead merely needs to provide the information requested on the form.

For these reasons, the Court:

(1) STRIKES the complaint [ECF No. 1];

(2) GRANTS the Plaintiff until **August 26, 2024**, to file an amended complaint as outlined; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

SO ORDERED on July 25, 2024.

                                            s/ Theresa L. Springmann  
                                            JUDGE THERESA L. SPRINGMANN  
                                            UNITED STATES DISTRICT COURT