UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARTIZE KIRKLAND, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-599-TLS-JEM |
| CENTURION HEALTH, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Martize Kirkland, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. ECF No. 9. As required by 28 U.S.C. § 1915A, the Court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Kirkland is proceeding without counsel, and therefore the court must give his allegations liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Kirkland is an inmate at Westville Correctional Facility (Westville) who uses a wheelchair. His allegations are difficult to parse in places, but the Court has endeavored to give them liberal construction. He claims that in the early morning hours of December 23, 2022, a correctional officer at Westville forcibly pulled him out of his wheelchair, causing him to fall and injure his back, neck, arm, and leg.[1] He subsequently called his mother, who in turn called the prison and told a non-party employee

---

[1] Mr. Kirkland filed a separate lawsuit against the correctional officer who allegedly pulled him out his wheelchair. *Kirkland v. McCray, et al.,* 3:23-CV-1033-DRL-JEM (N.D. Ind. filed Dec. 1, 2023.) The Court understands him to have included the information about the officer only to explain how he was injured.

that Mr. Kirkland needed medical care. Nothing was done, however, and so he began to submit written requests for medical care. He did not see any medical staff until approximately five days later. He claims that Health Services Administrator (HSA) Lee Ivers was aware of his injuries through these written requests but delayed in having him seen by medical staff.

On December 28, 2022, he was seen by Nurse Chad Crites, but he claims Nurse Crites refused to provide him any care even though he was in "extreme pain." He also claims Nurse Crites prevented him from trying to speak directly with the doctor on duty, warning him that he would be issued a conduct report if he did. He also claims Nurse Crites sexually harassed him at this visit by "touching [his] penis/genital in an apparent sexual manner," apparently while assessing his injuries. It can be discerned that Mr. Kirkland eventually received some type of "pain cream" for his injuries, as he alleges that Nurse Crites continued to sexually harass him at two follow-up visits by rubbing cream on him "while making sexual gestures in a[]n unprofessional manner" and asking him "how does it . . . feel" when touching his genital area.

It appears that the pain persisted, as he was seen by Nurse Margaret Keller on May 18, 2023, in response to his complaints of pain and tightness in his lower back, neck, and shoulders. He claims she did not do an adequate assessment and instead falsely noted in his file that there were "no abnormalities." He believes she took this action to ensure that any doctor reviewing her notes would not provide him with pain medication or other treatment.

He additionally claims that he saw Nurse Beverly A. Marshall for "mouth sores" on June 4, 2023, after he noticed a "white blister" on his "lower anterior gum." He claims she falsely documented that he was not in any pain and denied his request for a "liquid numbing" agent, instead telling him to continue using "Peridex."[2]

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he has an objectively serious medical

---

[2] According to the Food and Drug Administration, Peridex is an oral rinse used to combat gingivitis. *See* https://www.accessdata.fda.gov/drugsatfda_docs/label/2013/019028s020lbl.pdf (last visited Oct. 7, 2024).

2

need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference. *Estelle*, 429 U.S. at 104. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020).

Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Because there is no one right way to practice medicine in the prison setting, courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted).

At the same time, a prisoner is not required to show that he was "literally ignored" by medical staff to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). A medical professional's "choice of the easier and less efficacious treatment for an objectively serious medical condition can still amount to deliberate indifference for purposes of the Eighth Amendment." *Id.* (citation and internal quotation marks omitted). Additionally, "inexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted).

As a preliminary matter, the Court concludes that Mr. Kirkland's claim against Nurse Marshall about the care he received for his mouth sore is unrelated to his claim about the care he received from Nurse Crites, Nurse Keller, and HSA Ivers for the fall from his wheelchair. Unrelated claims against

3

different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As the Seventh Circuit has explained:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. . . . A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable"). The Seventh Circuit has urged district courts to be alert to this issue both to "ensure manageable litigation" and to prevent prisoners from avoiding the requirements of the Prison Litigation Reform Act, including the filing fee and three-strikes provision. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021); *see also Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

When a plaintiff brings unrelated claims in the same lawsuit as Mr. Kirkland has, the Court's preference is to allow the plaintiff to choose which related claims to pursue in that case. However, Mr. Kirkland was already told about the prohibition on bringing unrelated claims in one lawsuit and given an opportunity to choose which related claims to pursue in this case. *See* ECF No. 5. He responded by filing another complaint containing unrelated claims. Therefore, the Court will dismiss his claim against Nurse Marshall pertaining to his dental issue, but the Court dismisses the claim without prejudice to his bringing it in a new lawsuit if he wishes to do so.[3]

As for his remaining claims, the Court concludes that Mr. Kirkland has plausibly alleged a deliberate indifference claim against Nurse Crites, HSA Ivers, and Nurse Keller under the Eighth Amendment. The Court will presume at this stage that the injuries he suffered in the fall, which caused

---

[3] According to the Amended Complaint, the incident with Nurse Marshall occurred in June 2023. If Mr. Kirkland acts diligently he should have sufficient time to assert this claim in a new lawsuit before the expiration of the two-year limitations period. *See Dorsey*, 55 F.4th at 1107 (explaining that a court may dismiss unrelated claims "if doing so will not prevent the plaintiff from timely refiling those claims"). The Court offers no opinion about the potential merit of any claim he has against Nurse Marshall.

him "extreme pain" that persisted for several months, constituted a serious medical need. On the second prong, he claims Nurse Crites and HSA Ivers were both aware he was injured in the fall, yet HSA Ivers delayed several days in having him assessed by anyone and Nurse Crites denied him any form of care at his initial visit even though he was in serious pain. Likewise, he claims that Nurse Keller performed a perfunctory exam and falsely documented his medical condition in his chart, which in his view was intended to make sure prison doctors did not provide him with pain medication or other treatment. He will be permitted to proceed against these three individuals under the Eighth Amendment.

He also sues Centurion Health, the private company that employs the above individuals. There is no *respondeat superior* liability under 42 U.S.C. § 1983, however, and a private company cannot be held liable for damages simply because it employed a medical professional who engaged in wrongdoing. *J.K.J. v. Polk County*., 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if the "unconstitutional acts of their employees . . . were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc*., 987 F.3d 647, 654 (7th Cir. 2021). To allege a plausible *Monell* claim, the plaintiff must identify an official corporate policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a [corporate] custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Kirkland does not identify an official policy held by Centurion Health that caused him injury, nor does he allege factual content plausibly suggesting the existence of a widespread custom of unconstitutional conduct within the corporation. Rather, he describes individual failings by three medical staff members, which does not state a plausible *Monell* claim. *See Howell*, 987 F.3d at 654; *Gill*, 850 F.3d at 344. Thus, the Court dismisses Centurion Health, a corporate defendant.

Finally, his Amended Complaint can be read to allege a claim against Nurse Crites for touching him in an inappropriate manner. Prisoners are protected by the Eighth Amendment from conduct that is "so totally without penological justification that it results in the gratuitous infliction of suffering," either physical or psychological. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *see also Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). Thus, an otherwise proper act can become improper if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun*, 319 F.3d at 939. Giving Mr. Kirkland the inferences he is entitled to at this stage, he plausibly alleges that Nurse Crites touched his genital area in a sexual manner—not for a legitimate reason, but to tease him or perhaps for his own sexual gratification. It can be inferred that these actions caused him psychological suffering. Thus, he has stated a claim under the Eighth Amendment. *See id.* at 940 (allegation that defendants made crude comments and sexually explicit gestures during a pat-down search supported claim that they conducted the search in a manner intended to demean and humiliate the plaintiff in violation of the Eighth Amendment).

For these reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against Nurse Chad C. Crites, Nurse Margaret Keller, and Health Services Administrator Lee Ivers in their individual capacity for money damages for deliberate indifference to his need for treatment for injuries resulting from a fall from his wheelchair;

(2) GRANTS the Plaintiff leave to proceed against Nurse Chad C. Crites in his individual capacity for money damages for allegedly touching his genital area in a sexual manner in violation of the Eighth Amendment;

(3) DISMISSES Centurion Health as a Defendant;

(4) DISMISSES WITHOUT PREJUDICE the claim against Nurse Beverly A. Marshall regarding the Plaintiff's dental problem as unrelated;

(5) DISMISSES all other claims;

(6) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Chad C.

Crites, Nurse Margaret Keller, and Health Services Administrator Lee Ivers at Centurion Health and to send them a copy of this order and the Amended Complaint [ECF No. 9] pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any Defendant who does not waive service, to the extent this information is available; and

(8) ORDERS Nurse Chad C. Crites, Nurse Margaret Keller, and Health Services Administrator Lee Ivers to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 8, 2024.

                                             s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT