UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTIZE KIRKLAND,

    Plaintiff,

    v.                                  CAUSE NO. 3:24-CV-599-TLS-JEM

CHAD C. CRITES, *et al.*,

    Defendants.

**OPINION AND ORDER**

    Martize Kirkland, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Nurse Chad C. Crites, Nurse Margaret Keller, and Health Services Administrator Lee Ivers in their individual capacity for money damages for deliberate indifference to his need for treatment for injuries resulting from a fall from his wheelchair[.]" ECF 16 at 6. Second, he is proceeding against Nurse Crites "in his individual capacity for money damages for allegedly touching his genital area in a sexual manner in violation of the Eighth Amendment[.]" *Id.* Kirkland's allegations in his Amended Complaint span between December 2022 and June 2023. *Id.* at 1–2. The Defendants filed a motion for summary judgment, arguing Kirkland did not exhaust his administrative remedies before filing this lawsuit. ECF 29. Kirkland filed a response, and the Defendants filed a reply. ECF 43, 45. The Defendants' Motion for Summary Judgment is now fully briefed and ripe for ruling.

    Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To

determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see Chambers v. Sood*, 956 F.3d 979, 984–85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. (citation omitted).

The Defendants argue Kirkland did not exhaust his available administrative remedies before filing this lawsuit because he submitted six grievances related to his medical care between December 2022 and June 2023 but never fully exhausted any of those six grievances. ECF 32 at 5–6. Specifically, the Defendants provide an affidavit from the prison's Grievance Specialist and Kirkland's grievance records, which show the following facts. In order to exhaust his administrative remedies, Kirkland needed to complete three steps before filing a lawsuit: (1) a

formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 30-1, pp. 1–2, 9 of 122. During the relevant time period, Kirkland submitted six grievances related to his medical care – Grievance # 150023 (use of wheelchair), Grievance # 150098 (trust account charge for medical care), Grievance # 150066 (access to medical care), Grievance # 151053 (access to medical care), Grievance # 154303 (inappropriate medical care and request to see physician), and Grievance # 163138 (receipt of protective socks for leg brace). *Id.* pp. 5, 25, 52, 63, 70, 77, 84. Kirkland submitted these grievances to the grievance office and, for some, submitted a Level I appeal, but Kirkland did not submit a Level II appeal for any of these grievances. *Id.* pp. 5, 22, 25–26, 52–87, 96–99. As a result, Kirkland did not fully exhaust any grievance related to his medical care during the relevant time period. *Id.* p. 5.

In his response, Kirkland argues repeatedly that he did in fact fully exhaust his grievances, and he cites as support his numerous exhibits. ECF 43, p. 7 (citing to "Exhibits A-Z" to show he fully exhausted a grievance). Specifically, Kirkland provides as exhibits nearly 300 pages of grievance documents. ECF 43-1; ECF 43-2. However, none of the documents provided by Kirkland show he ever submitted a Level II appeal for any of his relevant grievances. *See id*. Rather, a review of Kirkland's exhibits supports the Defendants' assertion that Kirkland never fully exhausted any of his relevant grievances, as there is no indication from any of Kirkland's exhibits that he ever submitted a Level II appeal. Kirkland argues specifically that he "completed his final IDOC Grievance Manager appeal on or about April 12, 2023" (ECF 43, p. 6), but Kirkland designates no evidence in support of this assertion and none of his exhibits show he ever submitted a Level II appeal on April 12, 2023. Kirkland also argues the Grievance Specialist regularly delayed in issuing responses to his grievances (ECF 43, pp. 8–10), but it is

3

undisputed the Grievance Specialist responded to each of Kirkland's six relevant grievances, and there is no evidence any delay in issuing these responses prevented Kirkland from submitting a Level II appeal or otherwise made his administrative remedies unavailable in any way.

Here, the Defendants have met their burden to show Kirkland did not exhaust his available administrative remedies before filing this lawsuit. Specifically, the Defendants argued and provided evidence that Kirkland submitted six relevant grievances but did not fully exhaust any of those grievances by submitting a Level II appeal. In his response, Kirkland argues broadly that he did fully exhaust these grievances, but a review of his exhibits provides no evidence supporting that assertion. Kirkland's vague assertions that he fully exhausted his grievances, without any evidentiary support, are insufficient to create a genuine dispute. *See Gabrielle M. v. Park Forest-Chicago Heights Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough.") (cleaned up); *Dale v. Lappin*, 376 F.3d 652, 655–56 (7th Cir. 2004) (noting that "bald assertions" are not sufficient to create a genuine issue of fact on exhaustion issue). The only specific allegation Kirkland makes is that he submitted a Level II appeal on April 12, 2023, but he does not designate, and his exhibits do not provide, any support for this assertion. *See Jones v. Lamb*, 124 F.4th 463, 468 (7th Cir. 2024) (explaining that a prisoner must cite the record to create a material dispute regarding exhaustion of remedies); *Thomas v. Kolhouse*, No. 24-1351, 2025 WL 1483373, at *2 (7th Cir. May 3, 2025) (finding that the plaintiff's assertions that he exhausted his available remedies did not create a genuine dispute of material fact because he did not "cite

admissible evidence in the record supporting these assertions"). Thus, the Defendants have provided evidence establishing that Kirkland did not fully exhaust any relevant grievance before filing this lawsuit, and Kirkland does not genuinely dispute any of that evidence. Because the Defendants have met their burden to show Kirkland did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the Court hereby:

(1) GRANTS the Defendants' Motion for Summary Judgment (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of Defendants Chad C. Crites, Margaret Keller, and Lee Ivers and against Plaintiff Martize Kirkland and to close this case. The Plaintiff takes nothing by his Amended Complaint.

SO ORDERED on August 25, 2025.

                                         s/ Theresa L. Springmann
                                         JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT