**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| MARTIZE KIRKLAND, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-599-TLS-JEM |
| CHAD C. CRITES*, et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Martize Kirkland, a prisoner without a lawyer, moves the Court for reconsideration from its order granting summary judgment in favor of the Defendants. ECF 52. The Court granted summary judgment in favor of the Defendants because the undisputed facts showed Kirkland did not exhaust his administrative remedies before filing this lawsuit. ECF 48. Specifically, the undisputed facts showed Kirkland submitted six potentially relevant grievances but never fully exhausted any of those grievances by submitting a Level II appeal to the Department Grievance Manager, which was a required step to fully exhaust the grievance. *Id.* at 2–5. The Court noted Kirkland submitted nearly hundreds of pages of grievance documents in an attempt to show his administrative remedies were unavailable, but none of these documents showed he submitted or attempted to submit a Level II appeal to the Department Grievance Manager. *Id.* at 3.

In his motion for reconsideration, Kirkland raises two arguments. First, he argues he submitted "more than 800 pages of evidence documenting consistent efforts to exhaust remedies through formal grievances, informal requests, and letters to IDOC staff, grievance specialists, Centurion Health employees, and corporate offices." ECF 52-1 at 3. But again, none of the documents provided by Kirkland show he ever submitted or attempted to submit a Level II

appeal related to any of his six potentially relevant grievances. Second, Kirkland makes general allegations that his administrative remedies were unavailable because (1) staff ignored or failed to respond to his grievances, (2) the grievance office and falsified records and delayed processing his grievances, and (3) he was threatened with harm or loss of liberty if he persisted. *Id.* But Kirkland does not explain how these allegations relate to the six potentially relevant grievances in this case, as the evidence showed Kirkland received responses and was able to submit Level I appeals for these grievances. *See* ECF 48 at 3–4 (citing *Gabrielle M. v. Park Forest-Chicago Heights Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations")). Thus, Kirkland's motion for reconsideration merely rehashes the same arguments he raised in his response to the summary judgment motion, and he does not show any error in the Court's analysis. *See Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (holding that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion" (citation omitted)). Therefore, because Kirkland has not identified any valid basis for reconsideration of the Court's order granting summary judgment in favor of the Defendants, his motion for reconsideration (ECF 52) is DENIED.

SO ORDERED on April 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT